IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



R. GREG CORY,

    Plaintiff,

v.      NO. 06-CIV-0993-LH/DJS

ALLSTATE INSURANCE,
ALLSTATE FINANCIAL SERVICES, LLC,
and LUKE YANG, individually and as
agent or employee of ALLSTATE INSURANCE,

    Defendants.

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff R. Greg Cory, by and through his undersigned attorneys, Valdez and White Law Firm (Timothy L. White), for his Complaint against Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is now and, at all times material hereto was, a resident of Bernalillo County, New Mexico.

2.    Defendant Luke Yang, on information and belief, is now and, at all times material hereto was, a resident of Cook County, Illinois

3.    Upon information and belief, defendants Allstate Insurance and Allstate Financial Services, LLC are Illinois corporations authorized to do business and doing business in New Mexico, and may be served by C.T. Corporation, their registered agent for service of process at 123 East Marcy, Santa Fe, New Mexico.

4.    All acts described in this complaint occurred in the state of New Mexico and venue is therefore proper in this district.



**COMPLAINT FOR DAMAGES – PAGE 1 of 10**

5. Both defendant Yang and plaintiff Cory were, at all materials times to the allegations of this complaint, employees or agents of Allstate Insurance/Allstate Financial Services, LLC.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff incorporates by reference the allegations of paragraphs 1 – 5 above.

7. Plaintiff, for the last nine years, since November of 1996, was a financial sales representative under contract with defendant Allstate. During this time he was among the leading if not the top-producing financial sales representative for defendant in the state.

8. In October 2004 Plaintiff was advised by defendant Allstate's corporate office that he was being investigated for an alleged forgery of a client's name on a document. An investigation by Luke Yang of Allstate corporate security ensued, in which it was discovered that plaintiff's assistant had printed a client's name on one form, and signed a client's name to a second document.

9. The investigation by defendant Yang revealed that Mr. Cory had not committed a forgery, as Mr. Cory admitted that the assistant had signed the documents in question in an interrogation of him by defendant Yang. The assistant also admitted that the client's name on both documents was in her handwriting as described above.

10. Notwithstanding these admissions, defendant Yang submitted a variety of documents to a handwriting expert, Judith Housley, leaving out any information about plaintiff's assistant admitting to signing the client's name on the allegedly forged documents. Defendant Yang also did not have the assistant try to reproduce the client's

name as an exemplar/handwriting sample as if she were trying to reproduce plaintiff's handwriting as she actually did, instead having her just write the client's name in her own natural style of handwriting.

11. Before the conclusion reached by the handwriting expert, and before plaintiff's contract with Allstate was terminated, plaintiff discussed the investigation with two management level employees of Allstate, the territorial manager Eladio Muniz, and the Regional Vice President of Sales, Steve Cardinal. Both Mr. Muniz and Mr. Cardinal, in separate conversations in October 2004 promised plaintiff that if "he didn't do it, he'd be fine, nothing bad would happen."

12. Despite these promises, and the information known to Allstate that plaintiff did not forge his client's name to the documents in question, Allstate then informed plaintiff in March 2005 that the handwriting expert had concluded that he had forged his client's signature to one document, and based on the expert's opinion and the Allstate "investigation", that his contract would be terminated.

13. Allstate then reported plaintiff to the National Association of Securities Dealers as having committed a violation of investment-related statutes, regulations, rules or industry standards of conduct, due to "non-genuine customer signatures on account documents." The NASD investigation found no violations of federal securities laws or NASD rules, closing their file without sanctioning plaintiff on September 7, 2005.

## COUNT I – NEGLIGENCE

14. The allegations of paragraphs 1 through 13 above are incorporated here by reference. Defendants' investigation as outlined above breached a duty of reasonable care to conduct a fair and unbiased investigation and breached that duty owed to plaintiff.

Defendants' acts or omissions as described above have proximately caused damages to plaintiff in an amount to be proven at trial, including but not limited to, past and future lost wages and benefits, emotional distress, humiliation and damage to his professional reputation, including the stigma of having to undergo an investigation into the false forgery charges by the National Association of Securities Dealers, and having to report to prospective employers his termination from the position with Allstate. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

## COUNT II – NEGLIGENT MISREPRESENTATION

15. The allegations of paragraphs 1 through 14 above are incorporated here by reference. Defendants' investigation as outlined above, breached a duty of reasonable care to conduct a fair and unbiased investigation and breached the duty owed to plaintiff. Additionally or alternatively, defendant Yang and Allstate negligently or fraudulently represented or manipulated the results of their investigation including, but not limited to, falsely representing to a purported handwriting expert that Mr. Cory had signed the documents in question and leaving out the admission of Mr. Cory's assistant that she had printed the client's name on the documents in question. Defendants' acts or omissions as described above have proximately caused damages to plaintiff in an amount to be proven at trial including but not limited to, past and future lost wages and benefits, emotional distress, humiliation and damage to his professional reputation, including the stigma of having to undergo an investigation into the false fraud charges by the National Association of Securities Dealers, and having to report to prospective employers his

termination from the position with Allstate. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

## COUNT III – FRAUDULENT MISREPRESENTATION

16. The allegations of paragraphs 1 through 15 above are incorporated here by reference.

17. Defendants' investigation as outlined above breached a duty of reasonable care to conduct a fair and unbiased investigation and breached that duty owed to plaintiff. Additionally or alternatively, defendant Yang and Allstate negligently or fraudulently represented or manipulated the results of their investigation including, but not limited to, falsely representing to a purported handwriting expert that Mr. Cory had signed the documents in question and leaving out the admission of Mr. Cory's assistant that she had printed the client's name on the documents in question. Defendants' acts or omissions as described above have proximately caused damages to plaintiff in an amount to be proved at trial, including but not limited to, past and future lost wages and benefits, emotional distress, humiliation and damage to his professional reputation, including the stigma of having to undergo an investigation into the false fraud charges by the National Association of Securities Dealers, and having to report to prospective employers his termination from the position with Allstate. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

### COUNT IV – BREACH OF IMPLIED CONTRACT

18. The allegations of paragraphs 1 through 17 above are incorporated here by reference.

19. In addition to plaintiff's written contract with Allstate, Allstate breached an implied contract not to terminate Mr. Cory's written contract on the basis of its wrongful acts and omissions described above. They additionally breached an implied contract created by the promises of Eladio Muniz and the regional vice president of sales, Steve Cardinal described above. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

### COUNT V – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. The allegations of paragraphs 1 through 19 above are incorporated here by reference.

21. Defendants failed to act honestly and in good faith according to the standards of fair dealing under the circumstances surrounding Mr. Cory's contract and implied contracts described above. As a result of a defendants' breach of this duty of good faith and fair dealing attendant to these contracts, plaintiff has been damaged in an amount to be proven at trial. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

## COUNT VI – CIVIL CONSPIRACY

22. The allegations of paragraphs 1 through 21 above are incorporated here by reference.

23. Defendants' individually or as agents of Allstate among themselves and/or Judith Housley, as an agent of Allstate, conspired to tortiously interfere with plaintiff's contract with Allstate, to terminate that contract. Luke Yang and/or other currently unknown persons agree to illegally interfere with plaintiff's contract, misrepresent the findings of their "investigation", defame and intentionally injure plaintiff pursuant to their a agreement. Terminating plaintiff's contract was done by one more of the defendants in based faith and contrary to defendants' best interests. Defendants combined to accomplish the unlawful purpose, or to accomplish a lawful purpose as yet unidentified by these unlawful acts.

24. Additionally, defendants have caused further damage to plaintiff as a result of reporting this alleged "forgery" to the National Association of Securities Dealers which required an investigation by that entity, which Mr. Cory is required to self report to prospective employers. Plaintiff has been damaged by this wrongful conduct in an amount to be proven at trial. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

## COUNT VII – PRIMA FACIE TORT

25. The allegations of paragraphs 1 through 24 above are incorporated here by reference.

26. Plaintiff's employment, pursuant to his contract with Allstate, was terminated as a result of defendants' investigation intentionally being manipulated to present false or misleading information about plaintiff to the putative handwriting expert, resulting in her "opinion" that Mr. Cory had forged a client's signature to one of the documents in question. Defendants intended its acts or knew with certainty that its communications as described would result in the termination of Mr. Cory's contract, thereby intentionally injuring plaintiff. Defendants' actions in this regard were a proximate cause of Mr. Cory's contract being terminated. There was no justifiable reason under the circumstances for defendants to manipulate the information or communicate false or misleading information about Mr. Cory to the handwriting expert whose conclusion led to the allegations of forgery and the termination of Mr. Cory's contract. Plaintiff has been damaged by defendants' conduct in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

## COUNT VIII – TORTIOUS INTERFERENCE WITH CONTRACT

27. The allegations of paragraphs 1 through 26 above are incorporated here by reference.

28. Defendants, without justification or privilege, wrongfully terminated Mr. Cory's contract after manipulating or fraudulently representing the circumstances of the investigation to reach a conclusion that he had committed "forgery." Defendants' conduct wrongfully breached the contract between plaintiff and defendant Allstate in order to deprive him of his contractual and associated common law and statutory rights therein. Defendants had knowledge of plaintiff's contract, breached that contract with

improper motive or by improper means, without justification or privilege to do so, proximately causing damage to plaintiff in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's right entitling him to punitive damages.

## COUNT IX – DEFAMATION

29. The allegations of paragraphs 1 through 28 above are incorporated here by reference.

30. Defendants published communications to the National Association of Securities Dealers regarding alleged forgery on the part of Mr. Cory. Mr. Cory has necessarily had to repeat the allegations to prospective employers, notwithstanding the NASD having cleared him any wrongdoing. The communications contained in statements of fact concerning plaintiff, which were false and defamatory, and the persons receiving those communications would have reasonably understood them to be defamatory. Further, defendants knew that the communication was false or negligently failed to recognize that they were false or acted with malice and the communications proximately caused actual injury to plaintiff's reputation. Defendants had no privilege to publish this communication and, as a result, plaintiff was damaged in an amount to be proven at trial. Defendants' conduct was willful, malicious and in conscious disregard of plaintiff's rights entitling him to punitive damages.

## JURY DEMAND

Plaintiff requests a trial by jury.

For the reasons stated, plaintiff respectfully requests that this Court enter judgment awarding plaintiff compensatory damages, punitive damages, costs for this action altogether with reasonable attorneys' fees as provided by law and any and other such further relief that the Court deems just and proper.

Valdez and White Law Firm

By _____
Timothy L. White
Post Office Box 25646
Albuquerque, New Mexico 87125-5646
Telephone: (505) 345-0289
Facsimile: 505 345-2573
*Attorneys for Plaintiff*

Certificate of Service

This certifies that the foregoing pleading was mailed to all counsel of record this 12th day of December 2006.

_____
Timothy L. White

**COMPLAINT FOR DAMAGES** – PAGE 10 of 10